The opinion of the court was delivered by
Brewer, J.:
Plaintiff in error petitioned the county board of Chase county to establish a road. Certain proceedings *660 were had which resulted in an order of the county board establishing the road, but providing that the plaintiff in error should pay all the costs and damages. To reverse so much of this order as provided that the costs aud expenses should be borne by the plaintiff in error, this proceeding in error has been commenced. It is contended by the plaintiff in error that his petition was filed under § 29, chapter 89, Compiled Laws of 1879, and that under such section every land-owner situated as therein described has an absolute right to a road leading from his land to some public highway; while on the part of the defendant in error it is insisted that the road proceedings were had under §§ 38, 39,40 of said chapter, and that by those sections the total expense of the establishment of the road is to be paid by the petitioner before it is opened. The question then is, under which sections these road proceedings were in fact had. Counsel for plaintiff in error contend that whatever may be the recitals in any of the notices or orders, everything which under § 29 was necessary to be done, was in fact done; that §§ 38, 39,40, are unconstitutional; thatthere- • fore it cannot be presumed that any rights were attempted to be asserted under such sections, and hence that the proceedings must be adjudged to have been under § 29, and that under that the petitioner is not liable for the expenses. Sections 29 and 38 read as follows:
“Sec. 29. That whenever the premises of any person in this state shall be so completely surrounded by adjoining lands, the property of other persons, as to be without access to any public highway, then such person may petition the board of county commissioners of the county in which such premises lie, for a road through some portion of the adjoining lands; and the board shall, on the presentation of such petition, proceed in accordance with the provisions of the foregoing sections to lay out such road, make returns of plats, and allow damages, if any should be held or allowed, provided said road shall. not exceed twenty-five feet in width, and be laid out upon the section or half-section lines when practicable.”
“Sec. 38. That when any land-holder, who has no road or highway, desires the benefit of a road or highway, such person may petition the county commissioners of the county in which *661 such person resides, to open a private lane or road to a public highway, when it shall be the duty of said commissioners to appoint three disinterested viewers to view and open a lane or road by the nearest and most practicable route to an established highway: Provided, That said lane or road shall follow or run parallel with some section or subdivision line; said road not to exceed two rods in width;”
The objection made to § 38 (and §§ 39 and 40 simply depend upon § 38 for validity) is, that it attempts to condemn property for private use; see the case of Bankhead v. Brown, 25 Iowa, 544, and cases cited therein. Now we remark in the first place, that obviously the road proceedings were had under § 38, and were when challenged by proceedings in error insufficient under § 29. It will be noticed that neither section quoted prescribes the details of the proceedings; they are either within the control of the commissioners, or left to the prior provisions of the chapter, and § 29 expressly refers to such prior provisions. Turning to such prior provisions, we find that they prescribe a bond, the publication of notice, appointment of viewers, report of viewers, and a final order of the board establishing the road. Now the road notice in this case in terms names a proceeding under § 38. The bond is conditioned to pay all costs and expenses whether the prayer of the petition is or is not granted, while the ordinary bond is only conditioned to pay in case the road is not established. (Sec. 1.) The first order of the board, that for the appointment of viewers, is entitled “In the matter of private road,” and recites a petition for the location of a private road, the filing of a bond for the payment of all costs and expenses, and orders to be entered on the journal the road notice which was afterward published, and which specially refers to said § 38. The report of the viewers was not that the road is of public utility, but it specially finds that the road is “necessary for N. Loekerman only, and not of use to the public,” and the order of the commissioners based upon that report, after reciting the opinion of the “viewers to be in favor of the establishing said road, but as *662 a private road only for the benefit óf N. Lockerman,” and also a finding that the commissioners are “satisfied that said road ought to be established as a private road for the accommodation of N. Lockerman,” then goes on to order the establishment of the road, and that it be opened on the payment by him of the costs and expenses. Outside of the petition originally filed by Lockerman, every paper, notice and order either in terms refers to said § 38,. or speaks of a private road, or contains some action prescribed only by said §§ 38, 39, 40. The petition, it is true, which was filed by said Lockerman, states facts sufficient under either § 29 or § 38, and in terms petitions for a road in accordance with the provisions of § 29. Attached however to the record of the proceedings before the commissioners, is an affidavit of the county clerk that the petition as originally filed and acted upon, read “section 38” instead of “section 29,” and that the number of the section was changed after the viewers had been appointed and the road notice published and posted, and also an affidavit of plaintiff’s attorney that when he prepared the petition, by a clerical error of his clerk in writing the figures 38 were inserted instead of 29, and that at his instance the error was corrected before the final order by the county board establishing the road. Now it may be that these affidavits are not properly a part of the record, and therefore the matters therein stated not to be considered in the determination of this case; but laying them aside, it is obvious that all the official proceedings had by the viewers and the county board were had under § 38. Section 6 provides for the action of the county board upon the report of the viewers, and reads:
“If said report is favorable, and no legal objection appear against said report, and they are satisfied that such road will be of public utility, they shall order,” etc.
Now the commissioners have never found that the road was of public utility; on the contrary, their simple finding is, that the road should be established as a private road. It would seem to follow from this, that if all the proceedings were *663 referable to and had under § 38, that all rights which the petitioner would have would be those given by § 38; and that if that section be unconstitutional and granting no rights, the petitioner took nothing. But to obviate the force of this, •counsel argue that said § 29 is mandatory, and gives an absolute right to one owning lands situated as described in that section to the establishment of a road at the public expense; that the public owe to every individual the duty of providing a public highway by which he can go to and from his land. They quote from that section, “The board shall,” and say that this word “shall” sustains the claim that they have made. We.do not think this argument is sound, but that the word •“shall” carries, as indicated by the subsequent words, simply a command to proceed in accordance with the prior provisions of the chapter; and by those prior provisions, no absolute •duty is cast upon the commissioners to establish a road whenever petitioned for, but only to act upon the petition and the report of the viewers, and to establish the road whenever they -find it of public utility. We understand the law to be, that the county commissioners have a discretion as to the laying-out of highways; that no party has an absolute right to a highway at any place or under any circumstances; that the commissioners are always vested with the discretion of determining whether, considering the expense to the public and the advantages to the public, the road shall be established. If a man’s land be worth only $100, be but a barren tract •comparatively useless, it would be strange if he could compel the public to expend $1,000 for the purpose of giving him access to such tract; and unless the language of the statute very clearly compels such a construction, it ought not to be adopted. We do not think the statute bears any such construction ; on the contrary, we think it very clearly vests in ■the commissioners a discretion to balance the cost with the advantage, and then determine whether the latter be sufficient to justify casting the burden of the former upon the public. Our conclusions, therefore, may be summed up as follows: First, no individual has an absolute right under any *664 circumstances to compel the establishment of a highway at the public expense. Second, where the road notice, the petitioner’s bond, the report of the viewers and the action of the county board ai’e all obviously under §§ 38, 39, 40, the only rights that the petitioner has are those given by such sections. Third, where the report of the viewers, and the order of the county commissioners thereon, show that the road is not of public utility, but only of private benefit to the petitioner^ and the commissioners order the opening of the road on the payment of the costs and expenses by the petitioner, the latter cannot by proceedings in error have the latter part of the order stricken out and the former part of the order left in force.
The judgment of the district court will therefore be affirmed.
All the Justices concurring.